**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kimberly Joann Dillon, | ) | No. CIV 06-2939-PHX-SMM |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| Dillard's, Inc., et al., | ) | |
| Defendants. | ) | |

Presently before this Court is a Motion for Remand (Dkt. 7) filed by Plaintiff Kimberly Joann Dillon ("Plaintiff"). The matter is now fully briefed and ripe for disposition by this Court.

**BACKGROUND**

This matter arises out of an incident that occurred on August 1, 2005, at the Dillard's department store located (the "Store") in the Paradise Valley Mall. Plaintiff was arrested for shoplifting after Defendant David S. Whittle, an employee monitoring the Store's security cameras, allegedly witnessed her concealing merchandise in a plastic bag. Plaintiff, a former television personality for a local media outlet, brought multiple state law claims as well as a single federal claim against Defendants as a result of this incident.

Defendants filed a notice of removal of the action to this Court on grounds that Plaintiff's claim under 42 U.S.C. § 1983 conferred this Court with original jurisdiction

pursuant to 28 U.S.C. § 1331, or in the alternative, that this Court possessed jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Plaintiff asks the Court to remand this action to the Arizona Superior Court, Maricopa County, and further asks that defendants Dillard's Inc., and David S. Whittle, be ordered to pay the costs and expenses, including attorneys' fees, incurred as a result of the removal of this case from state court. In support of this motion, Plaintiff argues: (1) this case is not removable from state court pursuant to the provisions of 28 U.S.C. § 1332 because there is not complete diversity of citizenship of the parties, and (2) state law questions predominate so that exercise of federal question jurisdiction should be declined.

## DISCUSSION

This case involves a single federal question claim joined with multiple state law claims. In her First Amended Complaint, Plaintiff alleged that Defendants "have acted under color of State law to deprive [her] of her constitutional rights under 42 U.S.C. § 1983." (Amend. Compl.¶ 31). As Plaintiff concedes in her Motion to Remand, this is a federal question claim. (Dkt. 7 at 4). Nonetheless, Plaintiff argues that pursuant to 28 U.S.C. § 1441(c) this case should be remanded "because of the obvious predominance of state law claims." (Id.) Under 28 U.S.C. § 1441(c):

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

The Court finds that 28 U.S.C. § 1441(c) is inapplicable to the instant action because the federal claim is not a "separate and independent claim or cause of action." In *American Fire and Casualty Co. v. Finn*, the Supreme Court defined "separate and independent" as referring to separate wrongs. 341 U.S. 6 (1951) (superseded by statute on other grounds). "Where this is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c)." *Id.* at 14. Under the single wrong test of *Finn*, Plaintiff's § 1983 claim

- 2 -

1  cannot be characterized as sufficiently distinct from the state law claims because all of the
2  claims arise from the same series of acts and the same alleged wrong to Plaintiff: her arrest
3  for shoplifting at the Dillard's department store.  Thus, the Court finds that this case was
4  properly removed pursuant to §1441(b), which provides for the removal of "[a]ny civil action
5  of which the district courts have original jurisdiction...without regard to the citizenship or
6  residence of the parties."  Because this Court has original jurisdiction over Plaintiff's § 1983
7  claim, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims
8  pursuant to 28 U.S.C. § 1367.

9  Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have
10 original jurisdiction, the district courts shall have supplemental jurisdiction over all other
11 claims that are so related to claims in the action within such original jurisdiction that they
12 form part of the same case."  Here, although there is only a single federal claim, the Court
13 finds that there is no reason to decline to exercise supplemental jurisdiction.  Since all of the
14 claims derive from the same set of facts and do not involve complex or novel issues of
15 Arizona law, it would be inefficient to remand the state claims.  Therefore, the Court will
16 deny Plaintiff's Motion to Remand.

## CONCLUSION

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Dkt. 7)  is **DENIED**.

DATED this 2nd day of April, 2007.

Stephen M. McNamee
United States District Judge